# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN J. MILLER,

    Petitioner,

  v.                                    Case No. 15-CV-166

RANDALL HEPP,

    Respondent.

## REPORT AND RECOMMENDATION

John J. Miller, a prisoner in Wisconsin custody, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Miller was convicted of operating while under the influence of an intoxicant as a seventh offense and was sentenced to four years initial confinement and five years extended supervision to be served consecutive to prior sentences. (Docket # 1.) Miller alleges that his conviction and sentence are unconstitutional. For the reasons stated below, I recommend that Miller's petition for writ of habeas corpus be denied.

## BACKGROUND

The police clocked Miller going ninety-one miles per hour on the interstate highway. (*State v. Miller*, Appeal No. 2013AP2488 (Wis. App. August 13, 2014), Docket # 10-7 at 2.) After being stopped by the police, Miller refused to consent to a blood draw. (*Id.*) The police restrained Miller and the blood draw was completed. (*Id.*) Miller was charged with OWI as a seventh offense, operating with a prohibited blood alcohol concentration as a seventh offense, and operating after revocation. Miller entered a guilty plea to the OWI charge and

the other charges were dismissed as read-ins. (*Id.*) He was sentenced to four years of initial confinement and five years extended supervision to be served consecutive to prior sentences.

Miller's appellate counsel filed a no merit report before the Wisconsin Court of appeals. Appellate counsel addressed two issues in the no-merit report. Counsel first addressed whether *Missouri v. McNeeley*, 569 U.S. 141 (2013), decided after Miller's plea and sentencing, provided a basis for Miller to withdraw his plea. Additionally, counsel addressed whether Miller's sentence was unduly harsh.

In his response to the no-merit report, Miller argued the circuit court judge miscounted his prior OWI convictions for the penalty enhancement. Miller's appellate counsel filed a supplemental no-merit report addressing why Miller's prior OWI convictions were correctly counted.

Miller filed additional responses in which he raised Fourth Amendment challenges to both his arrest and the nonconsensual blood draw without a warrant. He also argued that his trial, post- conviction, and appellate counsel provided ineffective assistance.

The Wisconsin Court of Appeals affirmed Miller's conviction finding no arguable merit to any issue that could be raised. Miller petitioned the Wisconsin Supreme Court. The supreme court denied Miller's petition. Subsequently, Miller timely filed this petition for writ of habeas corpus.

## STANDARD OF REVIEW

Miller's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an

2

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d) (1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748-49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained that:

3

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

32 F.3d 562, 565-66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

## ANALYSIS

Miller raises several grounds for habeas relief. First, Miller argues that he was illegally arrested without probable cause. (Docket # 1 at 6.) Second, Miller argues that he was arrested without reasonable suspicion. (*Id.* at 7.) Third, Miller argues his trial counsel was ineffective for giving him false advice about the admission of the blood advice. (*Id.* at 8.) Fourth, Miller argues that his trial and appellate counsel were ineffective for failing to challenge the constitutionality of the warrantless blood draw. (Docket # 13 at 3.) Finally, Miller argues that the trial court erred in concluding that he had six prior OWI convictions for penalty enhancement purposes. (*Id.* at 4.)

    1.    *Fourth Amendment Claims*

Miller's first two arguments are Fourth Amendment claims. Under *Stone v. Powell*, 428 U.S. 465, 486 (1976) there is no federal habeas review for Fourth Amendment violations. Accordingly, Miller cannot get relief based on his allegations that he was illegally arrested.

*2. Ineffective Assistance of Counsel Claim*

In his petition for habeas relief, Miller argues that his counsel was ineffective for giving him false advice and seems to argue that but for the false advice about the blood draw, he would not have pled guilty. (Docket #1 at 8.) Second, in his brief, Miller argues that his trial, postconviction, and appellate counsel were ineffective for failing to challenge the warrantless blood draw. (Docket #13 at 2.) I will address both arguments.

2.1. Legal Standard

The clearly established Supreme Court precedent for ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, Miller must show both "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Id.* at 687. To satisfy *Strickland's* performance prong, the defendant must identify "acts or omissions of counsel that could not be the result of professional judgment." *United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011, 1015 (7th Cir. 1988) (citing *Strickland*, 466 U.S. at 690). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (quoting *Strickland*, 466 U.S. at 689). A reviewing court must seek to "evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. We "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance," *id.*, and "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable," *id.* at 690.

To establish prejudice, it is "not enough for the defendant to show that his counsel's errors had some conceivable effect on the outcome of the [trial]." *Hough v. Anderson*, 272 F.3d 878, 891 (7th Cir. 2001). A petitioner must show "that there is a reasonable probability that, but for counsel's errors, the result of the [trial] would have been different." *Strickland*, 466 U.S. at 694. This does not mean that the defendant must show that "counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693. Rather, a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Making this probability determination requires consideration of the totality of the evidence before the jury. *Id.* at 695. A "verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." *Id.* at 696.

A court deciding an ineffective assistance claim need not approach the inquiry "in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result." *Id.*

2.2   Failure to Challenge Warrantless Blood Draw

Here, Miller's claim that his trial counsel was ineffective in not challenging his warrantless blood draw is based on the Supreme Court's decision in *Missouri v. McNeely*, 569

6

U.S. 141 (2013). In *McNeely*, the Supreme Court held that in drunk-driving investigations, the natural dissipation of alcohol in the bloodstream does not constitute an exigency in every case sufficient to justify conducting a blood test without a warrant. In addressing whether Miller had an ineffective assistance of counsel claim based on *McNeely*, the Wisconsin Court of Appeals noted that prior to *McNeely* the law in Wisconsin was that the natural dissipation of blood-alcohol evidence alone constituted a *per se* exigency excepting it from the warrant requirement. (Docket #10-7 at 4.) Consequently, the court determined that trial counsel was not ineffective for failing to file a suppression motion because it would have been unsuccessful. (*Id.*)

Again, under *Strickland*, to show prejudice, Miller must show that there is a reasonable probability but for his attorney failing to file a motion to suppress, the result of the proceeding would have been different. The Wisconsin Court of Appeals' finding that trial counsel was ineffective because the motion would have been unsuccessful under then existing Wisconsin law is a finding that Miller was not prejudiced. This analysis and conclusion is consistent with and not an unreasonable application of *Strickland*. Miller is, therefore, not entitled to habeas relief on the ground that his trial attorney was ineffective in failing to challenge his warrantless blood draw.

Miller also cannot prevail on the ground that his postconviction and/or appellate counsel were ineffective. The Wisconsin Court of Appeals rejected this claim as meritless. (Docket # 10-7 at 4 n.5.) Although the court did not elaborate, their conclusion was not contrary to nor an unreasonable application of *Strickland*. As respondent recognizes, *McNeely* applied to Miller retroactively. *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). But that fact does not answer the prejudice inquiry under *Strickland*. Even though the law

7

applied retroactively, Miller would still need to show a reasonable probability that the outcome would have been different.

Miller cannot meet this standard because although his blood draw was done without a warrant, it was done based on reliance on binding case law at the time. *See Davis v. United States*, 564 U.S. 229, 241 (2011) ("Evidence obtained during a search conducted in reasonable reliance on binding precedent is not subject to the exclusionary rule."). Again, prior to *McNeely*, the law in Wisconsin was that the natural dissipation of blood-alcohol evidence alone constituted a *per se* exigency excepting if from the warrant requirement. Accordingly, because the police relied on then existing law not requiring a warrant, postconviction or appellate counsel's challenge would have been unsuccessful. As such, Miller cannot show *Strickland* prejudice based on postconviction or appellate counsel's failure to challenge the warrantless blood draw. Miller is not entitled to habeas relief based on ineffective assistance of trial, postconviction, or appellate counsel.

2.3     Bad Advice Regarding Admissibility of Blood Draw

Miller also argues that his trial counsel gave him false advice regarding the admissibility of the test result. (Docket # 1 at 8.) In her no-merit report, Miller's counsel considered whether in light of *McNeely* Miller should be allowed to withdraw his guilty plea because the blood draw was without a warrant. (Docket #10-7 at 3.) Counsel concluded that such a claim lacked merit because the test result was not needed for a conviction since Miller was convicted of operating under the influence, not operating with a prohibited blood content. (*Id*.) The court of appeals rejected counsel's reasoning stating that counsel did not account for the possibility that Miller's plea was influenced by the addition of the charge of operating with a prohibited blood concentration, which carried a higher penalty. (*Id*.)

8

Nonetheless, the court of appeals concluded that Miller's claim that he was given bad advice and therefore his plea was not knowing, intelligent, or voluntary was without merit. (*Id.* at 4 n.5.)

A review of the record supports the court of appeals' conclusion. During the plea colloquy, the judge established and Miller stated that he understood his right to a jury trial. (Guilty Plea Transcript, Docket # 10-10 at 4.) Miller also stated that he understood the right to remain silent and not testify at trial if he did not want to. (*Id.* at 5.) The record also shows that Miller stated that he understood that he was pleading guilty to operating under influence of an intoxicant as a seventh offense and that he understood the elements the prosecutor would have to prove at trial. (*Id.* at 4.) Miller also stated that he understood the penalties that the charge carried. (*Id.* at 3.) On this record, Miller has not shown that the court of appeals' conclusion was contrary to or an unreasonable application of *Strickland*. Miller is also not entitled to habeas relief on this argument.

   3. *Penalty Enhancement*

Finally, Miller argues that the trial court erred in concluding that he had six prior OWI convictions for penalty enhancement purposes. The state argues that Miller has procedurally defaulted this claim.

A claim for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *Cruz v. Warden of Dwight Corr.* Ctr., 907 F.2d 665, 667 (7th Cir. 1990). For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Also, the petitioner must invoke one complete round of the normal

appellate process, including seeking discretionary review before the state supreme court. *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

In this case, a review of the record shows that Miller did not raise this claim in his petition for review in the Wisconsin Supreme Court. (Docket #10-8 at 1.) Additionally, the State is correct that the counting of prior convictions for the purpose of the penalty enhancement is a question of the application of state law, not a federal question. (Docket # 10-7 at 5.) Accordingly, Miller is not entitled habeas relief on this claim.

## CONCLUSION

None of Miller's claims present any basis to grant relief under 28 U.S.C. § 2254. Accordingly, I recommend that his petition be denied and this case be dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

Jurists of reason would not debate that Miller fails to raise any cognizable grounds for habeas relief. Thus, I will recommend denying Miller a certificate of appealability. Of

course, Miller retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**NOW, THEREFORE, IT IS RECOMMENDED** that the petitioner's petition for writ of habeas corpus (Docket # 1) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 26th day of September, 2018.

                                                            BY THE COURT

                                                            *s/Nancy Joseph*
                                                            NANCY JOSEPH
                                                            United States Magistrate Judge